# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN FORBES, an individual,<br><br>    Plaintiff,<br>  v.<br><br>BAYVIEW LOAN SERVICING, LLC, et al.,<br><br>    DefendantS. | Case No. 11cv00005 BTM(POR)<br><br>**ORDER TO SHOW CAUSE** |

On January 3, 2011, Defendant Bayview Loan Servicing, LLC ("Bayview") removed this action pursuant to 28 U.S.C. § 1441(a). Defendant contends that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy is in excess of $75,000. See 28 U.S.C. § 1332.

There is a "strong presumption" against removal jurisdiction, and the defendant always has the burden of establishing that removal is proper. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).

Here, it is unclear whether the action is between citizens of different states. It appears that Plaintiff is a resident of San Diego and a citizen of California. (Compl. ¶ 1.) Defendant CR Title Services, Inc., appears to be a Delaware corporation with its principal place of business in Florida. (Notice of Removal ¶ 11.) Defendant Bayview is a Delaware limited

liability company. (Notice of Removal ¶ 10.) The Ninth Circuit has held that a limited liability company, like a partnership, is a citizen of every state of which its owners/members are citizens. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Bayview states that its members "are all citizens of the state of Florida." (Notice of Removal ¶ 10.)

However, Bayview does not provide any facts supporting its statement that all of its members are citizens of the state of Florida. Bayview's conclusory statement does not satisfy Bayview's burden of establishing that diversity of citizenship exists and that removal is proper. See Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 2011 WL 398861 (9th Cir. Feb. 8, 2011) (holding that conclusory statement that none of the limited partnership's members is an Oregon citizen did not satisfy Appellees' burden to establish complete diversity); Iguana, LLC v. Patriot Performance Materials, Inc., 2008 WL 2967173, *1 (M.D. Ga July 30, 2008) ("Defendant's conclusory statement that none of the members of the limited liability company are citizens of the State of North Carolina is insufficient.")

Accordingly, Bayview is **ORDERED** to show cause why this case should not be remanded to state court. Bayview's written response to the OSC is due on or before **March 28, 2011**. In its response, Bayview must provide *facts* establishing diversity of citizenship. Bayview must specify whether its members are individuals, corporations, limited liability companies, partnership, etc., and provide facts regarding the citizenship of each member. If any of Bayview's members are limited liability companies or partnerships, Bayview must provide information regarding the members of *those* entities as well, and so on and so forth. The matter will be set for hearing on **April 1, 2011 at 11:00 a.m.** Unless otherwise directed by the Court, there shall be no oral argument and no personal appearances are necessary.

**IT IS SO ORDERED.**

DATED: February 18, 2011

Honorable Barry Ted Moskowitz
United States District Judge